UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ABRAHAM JOSEPH and CAROLINE ALVAREZ,

                           Plaintiffs,

             -against-

THE CITY OF NEW YORK,
POLICE OFFICER SENIA TAVERAS (TAX 929442),
POLICE OFFICER DANNY SHEN (TAX 949659),
SERGEANT VISAR MARKU (TAX 942126),
POLICE OFFICER BIANCA TRUJILLO (TAX 935881),
POLICE OFFICER ZAHIR GARO (TAX 940180),
POLICE OFFICER WILKEN EVANGELISTA (TAX 941718),
and JOHN DOES 1 and 2,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FIRST AMENDED
COMPLAINT**

14 CV 2775 (RWS) (JLC)

**JURY TRIAL
DEMANDED**

      Plaintiffs, Abraham Joseph and Caroline Alvarez, by their attorneys, Reibman &

Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.     At all times hereinafter mentioned, plaintiff Abraham Joseph was an adult

male resident of Kings County, within the State of New York.

      2.     At all times hereinafter mentioned, plaintiff Caroline Alvarez was an adult

female resident of Kings County, within the State of New York.

      3.     At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

4.      At all relevant times hereinafter mentioned, defendant Senia Taveras (Tax 929442), was an adult female employed by the City of New York as a member of the NYPD with the rank of police officer assigned to the 34th Precinct of the NYPD.  Taveras is sued herein in her official and individual capacities.

5.      At all relevant times hereinafter mentioned, defendant Danny Shen (Tax 949659 ), was an adult male employed by the City of New York as a member of the NYPD with the rank of police officer assigned to the World Trade Center Command of the NYPD.  Shen is sued herein in his official and individual capacities.

6.      At all relevant times hereinafter mentioned, defendant Visar Marku (Tax 942126), was an adult male employed by the City of New York as a member of the NYPD with the rank of sergeant assigned to the 34th Precinct of the NYPD.  Marku is sued herein in his official and individual capacities.

7.      At all relevant times hereinafter mentioned, defendant Bianca Trujillo (Tax 935881), was an adult female employed by the City of New York as a member of the NYPD with the rank of police officer assigned to the 34th Precinct of the NYPD.  Trujillo is sued herein in her official and individual capacities.

8.      At all relevant times hereinafter mentioned, defendant Zahir Garo (Tax 940180), was an adult male employed by the City of New York as a member of the NYPD with the rank of police officer assigned to the 34th Precinct of the NYPD.  Garo is sued herein in his official and individual capacities.

9.      At all relevant times hereinafter mentioned, defendant Wilken Evangelista (Tax 941718), was an adult male employed by the City of New York as a member of the

with the rank of police officer assigned to the 34th Precinct of the NYPD.  Evangelista is sued herein in his official and individual capacities.

10.     At all relevant times hereinafter mentioned, John Does 1 and 2 were adults employed by the City of New York at Riker's Island Correctional Facility on the date of the arrest who assisted in processing and detaining plaintiff Caroline Alvarez, and whose identities are currently unknown to the plaintiffs. John Does 1 and 2 are sued herein in their official and individual capacities.

11.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

12.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

13.     That plaintiffs timely served Notices of Claims on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

14.     At least thirty days have elapsed since service of plaintiffs' Notices of Claims and adjustment and payment thereof has been neglected or refused.

15.     That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiffs complain.

## RELEVANT FACTS

### Events Leading Up to the Arrests of Plaintiffs

16.     On April 21, 2013 (the "Date of the Arrest") shortly before 10:30 p.m., plaintiff, Abraham Joseph, was lawfully operating his motor vehicle on Jerome Avenue at or near

its intersection with East Mount Eden Avenue, Bronx, New York.

       17.     Plaintiff, Caroline Alvarez, was a passenger in the vehicle being operated by plaintiff Abraham Joseph.

       18.     An individual, whose last name is believed to be Heyliger-Vicente, was also present at this location in his vehicle.

       19.     When both vehicles were stopped at a red light near this location, Mr. Heyliger-Vicente exited his vehicle and attempted to pull Ms. Alvarez from the plaintiffs' vehicle against her will.

       20.     When the plaintiffs thwarted his efforts to abduct Ms. Alvarez, Mr. Heyliger-Vicente got back into his vehicle and began to chase and rear-end the plaintiffs' vehicle multiple times.

       21.     Terrified and fearing for their safety, the plaintiffs attempted to evade Mr. Heyliger-Vicente, and in doing so crossed the Washington Bridge from the Bronx into New York County.

       22.     Thereafter, plaintiffs and Mr. Heyliger-Vicente arrived at West 190th Street, at or near its intersection with Wadsworth Avenue, in the County, City, and State of New York (the "Scene of the Arrest").

       23.     At this location Mr. Joseph exited his vehicle and attempted to take a picture of Mr. Heyliger-Vicente's vehicle.

       24.     Once Mr. Joseph was outside of his vehicle, Mr. Heyliger-Vicente hit him with his vehicle causing him to sustain several severe injuries including, but not limited to, a fractured right wrist.

25.     Mr. Heyliger-Vicente then fled the scene.

**The Arrest and Prosecution of Plaintiff Caroline Alvarez**

26.     Shortly thereafter, at approximately 10:30 p.m. on April 21, 2013, an ambulance arrived at the scene of the arrest to treat Mr. Joseph for the injuries he sustained as a result of Mr. Heyliger-Vicente's assault on him.

27.     Defendants Trujillo, Marku, Evangelista, and Garo also arrived at this time and spoke with both plaintiffs as Mr. Joseph was being treated inside of the ambulance.

28.     Both plaintiffs were clearly injured and in serious distress, and there was no evidence that they had engaged in any wrong doing or illegal activity.

29.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants formally arrested plaintiff Caroline Alvarez.

30.     Specifically, defendant Trujillo was the arresting officer for each of the plaintiffs, and defendant Marku, as the sergeant on scene, approved each of these arrests, despite the fact that there was no evidence that they had engaged in any illegal activity.

31.     Plaintiff, Caroline Alvarez, was then transferred to a local area precinct believed to be the 34th Precinct of the NYPD, where she was held for several hours, before she was transferred to New York County Central Booking.

32.     Upon information and belief, the police had also arrested Mr. Heyliger-Vicente in connection with the subject incident.

33.     Mr. Heyliger-Vicente was in custody at New York County Central Booking at the same time as plaintiff Alvarez.

34.     The doe defendants placed Ms. Alvarez in the same cell as Mr. Heyliger-

Vicente, who repeatedly threatened to kill her while they were detained there.

35.    Plaintiff Alvarez was held for several more hours before she was arraigned on a criminal complaint containing false allegations made by the individual defendants, or made on the basis of false allegations supplied by the individual defendants, or which the individual defendants knew or had reason to know were false.

36.    Indeed, all of the facts and circumstances readily apparent to the defendants at the time of plaintiff Alvarez's arrest clearly demonstrated that she had been the victim of a crime.  The defendants nonetheless improperly ignored these facts and circumstances.

37.    Pursuant to these and other false allegations, plaintiff was charged with crimes she did not commit, which the defendants knew she did not commit.

38.    The decision to arrest plaintiff Caroline Alvarez was objectively unreasonable under the circumstances, as she had not been engaged in any illegal or suspicious activity, and she was clearly the victim of a crime and attempted kidnaping.

39.    Plaintiff Caroline Alvarez was prosecuted and forced to make several court appearances pursuant to these false allegations before the charges against her were dismissed.

**The Arrest, Assault, and Prosecution of Plaintiff Abraham Joseph**

40.    From the Scene of the Arrest of plaintiff Caroline Alvarez, Mr. Joseph was taken by ambulance to Harlem Hospital where he was admitted to receive emergency treatment for the injuries he sustained as a result of Mr. Heyliger-Vicente's assault on him.

41.    Once at the hospital, Mr. Joseph was advised that he would need to have emergency surgery to repair a serious fracture to his right wrist.

6

42.     While Mr. Joseph was having his right wrist re-set or otherwise treated by doctors at Harlem Hospital, defendant Shen interrupted the procedure and advised the doctors that were treating Mr. Joseph that he had committed a crime and was under arrest.

43.     During his time at Harlem Hospital, plaintiff Joseph was shackled to a hospital bed by his feet and was closely guarded by the defendants.

44.     Plaintiff Joseph remained in the custody and control of the defendants for several days at Harlem Hospital.

45.     On the morning of April 22, 2013, while plaintiff Joseph was still in the hospital and shackled to his hospital bed, defendant Tavares entered plaintiff's hospital room, climbed on top of him and, without any justification or legal authority, forcibly handcuffed his left (and only working) wrist to his hospital bed.

46.     Defendant Taveras employed so much force in doing so that she fractured plaintiff Abraham Joseph's left wrist.

47.     At no time did there exist any basis to utilize any level of force against plaintiff Abraham Joseph, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

48.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff Abraham Joseph.

49.     The next day, plaintiff Abraham Joseph was taken by the defendants to New York County Central Booking, where he was arraigned on a criminal complaint containing false allegations made or supplied by the individual defendants, or which the individual defendants knew or had reason to know were false.

7

50.     Plaintiff Abraham Joseph was charged with several crimes on the basis of the false allegations made by the individual defendants, or which the individual defendants knew to be false.

51.     Plaintiff was then released with a future court date, and was forced to make several court appearances pursuant to these false allegations and charges before the charges against him were dismissed.

52.     The individual defendants, intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

53.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

54.     The factual allegations made by the defendants against plaintiffs, or which the individual defendants knew or had reason to know were false, were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiffs.

55.     At no time did there exist any basis to utilize any level of force against the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

56.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiffs.

57.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the

8

conduct of the defendants who engaged in the misconduct described herein as required.

58.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

59.     Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

60.     At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, commencing criminal process, or using physical force against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

61.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

62.     Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

63.     By so doing, the individual defendants, individually and collectively, subjected plaintiffs to false arrest and imprisonment, excessive force, malicious prosecution, and subjected plaintiffs to unlawful searches of person and property, and denial of due process and fair trial, fabricated evidence and information against them, or otherwise failed to intervene when

they should have, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

64.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**SECOND CAUSE OF ACTION**

65.     Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

66.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

67.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

68.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned,

and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrests.

69.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

70.     The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.     Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

71.     The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

11

a.      *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b.      *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.      *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.      *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.      *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

f.      *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.      *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

h.      *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.      *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.      *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.      *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.      *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m.      *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n.      *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.      *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.      *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q.      *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r.      *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.      *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

72.      In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

Informal inquiry by the court and among the judges of this court, as well as knowledge of

cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

73.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

74.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

75.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

### THIRD CAUSE OF ACTION

76.     Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

77.     Plaintiffs were subjected to assault, battery, false arrest, false imprisonment, malicious prosecution, and excessive force by the defendants.

78.     At no time did defendants have any legal basis for arresting or imprisoning

plaintiffs, commencing criminal process against them, or using physical force against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

79.     The defendants are therefore liable under New York law to plaintiffs for assault, battery, false arrest, false imprisonment, malicious prosecution, and excessive force.

80.     By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i.      On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.     On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.    On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.     Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action;

v.      On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi.     On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial; and

vii.     Such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
          November 13, 2014

                              By:          /s/
                                   Jessica Massimi (JM-2920)
                                   Reibman & Weiner
                                   Attorneys for Plaintiff
                                   26 Court Street, Suite 1808
                                   Brooklyn, New York 11242
                                   718-522-1743